GEORGE G. HALLOCK AND ALICE A. HALLOCK, AS EXECUTORS, ETC., OF GEORGE G. HALLOCK, DECEASED, AND SELIG BARANSKI, APPELLANTS, *v.* RACHEL SCHEYER. AND EMANUEL SCHEYER, RESPONDENTS.

*Obstruction of a sidewalk by sign-boxes — when they constitute a nuisance — right of an adjoining owner to restrain it — right of the lessor to join with the tenant in the action.*

The defendants who occupied a store on Grand street, in the city of New York, adjoining that of the plaintiff Baranski, placed a show case, sign and fence extending from their store out upon the sidewalk in such a manner and to such a height as to obstruct the light and obscure the view of the plaintiff's show windows, thereby tending to exclude his customers from it, and to injure his business.

*Held,* that such acts upon the part of the defendants constituted a nuisance, injuriously affecting the business of the plaintiff, and that the latter was entitled to maintain an action to restrain its further continuance.

*It seems,* that in such an action the tenant may join the executors of his deceased lessor as parties plaintiffs.

APPEAL from an order made at a Special Term denying a motion for an injunction.

*Benjamin H. Baylis,* for the appellants.

*Bogart & Hathaway,* for the respondents.

DANIELS, J. :

The plaintiff Baranski and the defendants are occupants of adjoining stores upon Grand street, and partially engaged in the same line of business. It has been shown by the complaint, and sustained by the affidavits, that the defendants have placed a show case, sign and fence, extending from their store out upon the sidewalk in such a manner, and to such a height, as to obstruct the light and obscure the view of Baranski's show window and of his store,

thereby tending to exclude his customers from it, and to injure his business. The show case and sign together are stated to be of the height of about eight and one-half feet, and they together with their effect are described in the complaint and also in the affidavits in the following manner:

V. That heretofore, and for many months last past, the said defendants have daily and every day, except Sundays, illegally and improperly placed, erected and maintained, and with like unlawful purpose, object and effect, still continue to so daily place and maintain in front of said premises No. 398 Grand street, so occupied by them as aforesaid, a large structure or show case, and also a solid board fence or barrier projecting beyond the front wall of said last named premises, and nearly on a line between the same and No. 400 Grand street, by which case and fence or barrier the public, and especially purchasers of such goods, wares and merchandise as are sold and offered for sale by the plaintiff Baranski, are largely prevented from seeing the show windows and goods exposed for sale by said plaintiff Baranski, when approaching his premises from a westerly direction, and also that by the said barrier or fence the light is to a great extent excluded from the show windows of said plaintiff.

That said show case is about seven feet in height by nearly four feet square, and that upon the top thereof the defendants placed a sign, which extends eighteen inches above the said show case, making the entire height of said show case and sign eight and one-half feet or thereabouts; that they have placed the same out and beyond the stoop line of their said premises, and that said solid board fence or barrier is of the height of six feet and upwards, by about three feet in width, and is placed against the front wall of said premises No. 398 Grand street, and so that the same shuts off a very considerable quantity of light from deponent's show windows, from which the said fence barrier is distant only about one foot.

The affidavit made by the defendant Emanuel Scheyer in opposition to the motion, does not very materially detract from the strength or accuracy of these statements, and the case was therefore left substantially as it was set forth in the complaint and the accompanying affidavits.

These statements were sufficient to establish the creation of a

nuisance injuriously affecting the business of the plaintiff Baranski, and as the defendants had been requested to remove it, and refused to do so, a cause of action for an injunction was disclosed in the case. For an injunction may issue to restrain a nuisance, as the remedy in equity is more adequate and better adapted to reach the justice of the case than a mere action at law for the recovery of damages. (*Bemis* v. *Upham*, 13 Pick., 169; *Davis* v. *Mayor, etc.*, 4 Kern., 506, 526.) It is evident from the case that a suit for damages would be ineffectual because of the inability to produce evidence of their extent, and if the tenant was confined to such an action for his redress, it would require to be constantly repeated on account of the daily recurrence of the obstruction. It is an unlawful use of so much of the sidewalk as is occupied by it, and the tenant has just cause of complaint on account of its interference with his occupancy and enjoyment of the store leased to him.

The action was not defective because the executors of the lessor were also made parties. (Hilliard on Injunctions [3d ed.], 332.) They had an interest in securing the rental value of the property, and as such cannot be regarded as entire strangers to the controversy. For a continuance of the obstruction must to a certain extent reduce the value of the occupancy of the property. But if they were not proper parties, as long as the tenant himself is a plaintiff in the action and has a well grounded cause of complaint, he may maintain it for the relief he may be able to secure, although the complaint in the end may be dismissed as to the executors. The fact that they may have been joined as unnecessary parties in the action forms no legal impediment in his way to that redress which the nature of the case indicates him to be entitled to claim.

The order should be reversed and the motion for an injunction should be granted, upon the usual undertaking being given, in the sum of $400, and the plaintiffs should be awarded their costs and disbursements on this appeal.

Davis, P. J., and Brady, J., concurred.

Order reversed and the motion for an injunction granted, upon the usual undertaking being given, in the sum of $400, and the plaintiffs awarded their costs and disbursements on this appeal.